FILED
United States Court of Appeals
Tenth Circuit

May 21, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff–Appellee,

v.

DARYL FRANCIS YUREK,

    Defendant–Appellant.

No. 18-1129
(D.C. No. 1:15-CR-00394-WJM-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **BALDOCK**, and **EBEL**, Circuit Judges.
_____

Mr. Daryl Yurek was convicted of bankruptcy fraud and tax evasion.[1]

The district court sentenced Mr. Yurek to a prison term of 50 months. Mr.

---

[*]    This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited if otherwise appropriate. _See_ Fed. R. App. P. 32.1(a); Tenth Cir. R. 32.1(A).

[1]    Mr. Yurek was also convicted of knowingly making a false statement under oath in relation to a bankruptcy proceeding and making and subscribing false tax documents under penalty of perjury.

Yurek appeals, arguing that the district court miscalculated his advisory guideline range. We disagree and affirm Mr. Yurek's sentence.

At sentencing, the district court applied U.S. Sentencing Guideline § 2B1.1 to determine Mr. Yurek's base-offense level and specific offense characteristics. With respect to specific offense characteristics, § 2B1.1 allowed the court to increase the base-offense level based on the amount of the intended loss (the loss that Mr. Yurek intended to cause). *See* U.S.S.G. § 2B1.1(b)(1).[2]

To calculate the intended loss, the district court considered two methodologies:

1.   the amount of federal tax debt that Mr. Yurek tried to discharge in bankruptcy and

2.   the value of the assets that Mr. Yurek concealed from the bankruptcy court.

The court found that under either approach, the intended loss was between $550,000 and $1,500,000, which would trigger a 14-level enhancement. Given this finding, the court overruled Mr. Yurek's objection to the U.S. Probation Department's recommendation of a 14-level enhancement.

On appeal, Mr. Yurek contends that the intended loss was less than $550,000, which would have precluded the 14-level enhancement.

---

[2]   Under § 2B1.1, the loss is "the greater of the actual loss or intended loss." U.S.S.G. § 2B1.1 cmt. n.3(A). The parties agree that the applicable measure of loss is intended loss because there was no actual loss.

According to Mr. Yurek, the district court committed two errors when calculating the intended loss:

1.    The amount sought to be discharged in bankruptcy was not an appropriate methodology.

2.    The district court miscalculated the value of the assets that Mr. Yurek had concealed from the bankruptcy court.

We review the procedural reasonableness of a sentence for abuse of discretion. *United States v. Crowe*, 735 F.3d 1229, 1235 (10th Cir. 2013). But we engage in de novo review of the district court's methodology for calculating the intended loss. *United States v. Gordon*, 710 F.3d 1124, 1160–61 (10th Cir. 2013). In *United States v. Wendy Yurek*, Case No. 18-1134, we recently addressed the proper calculation of intended loss in bankruptcy-fraud cases. There we held that the district court could calculate the intended loss based on the amount that the defendant intended to discharge in bankruptcy. *United States v. Wendy Yurek*, Case No. 18-1134, ___ F.3d ___, slip op. at 28–34 (10th Cir. May 20, 2019).

Based on that holding, we conclude that the district court did not err in calculating the intended loss based on the amount of federal tax debt that Mr. Yurek had tried to discharge in bankruptcy. That calculation supplied the district court with a proper basis to apply the 14-level

enhancement. We thus affirm Mr. Yurek's sentence.

Entered for the Court

Robert E. Bacharach
Circuit Judge